UNION FIBRE CO., Respondent, v. AARON POULTRY CO., Appellant.

**Kansas City Court of Appeals, January 19, 1914.**

1. **CONTRACTS: Wrongful Withdrawal: Other Party.** If one party wrongfully refuses to perform his contract it will justify the other in withdrawing.

2. **WITNESSES: Expert: Evidence.** A witness of experience in selling and installing insulating plants, that his principal manufactures, and knows the cost price of a plant and the costs and expense of setting it up in a building, he may testify the result of his calculation of the difference between such price and what was to be paid by the contract.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*Samuel Eppstein* for appellant.

*T. B. Wallace* for respondent.

ELLISON, P. J.—Plaintiff's action is based on damages for the breach of two contracts by defendant. Each breach is set up in a separate count in the petition. Defendant notified plaintiff that the contracts

were at an end and let the work to others. A trial was had with the aid of a jury and the verdict was for the plaintiff on both counts.

Two points are made against the judgment and we think neither is made good by the record. The first is called a failure of proof. The specification under this point is that "plaintiff did not show a willingness to perform the contracts after they were executed." Defendant was erecting a building in Kansas City and one contract was for the installation of an insulating plant therein and the second for certain plastering. Defendant's suggestions are that plaintiff showed "indifference about the work" and failed to come to the building several times to agree upon changes necessary to make, and consult about the work.

The contract was made on May 30, 1911, and four days thereafter, June 3rd, defendant wrote this letter to plaintiff:

"The writer tried to get you on the telephone this morning and your office girl promised to have you call us up as soon as you got in. If this is the kind of courtesy you show your contractors we wish to notify you that we hereby want to countermand the order given your Mr. McCoy for work on our building."

Now at this time the building was not ready for the installation of the plant and by the terms of the contract plaintiff was to have three weeks notice when it was made ready. This notice of course was not given for reasons as defendant claims, plaintiff had refused performance. So the dispute between the parties is as to which first repudiated the contract. For, if one party wrongfully refuses to perform it will, of course, justify the other in withdrawing. This question was submitted to the jury under proper instruction, if it was proper to allow defendant to go to the jury at all. Legitimate evidence that plaintiff did anything to justify defendant in withdrawing from the contract, if it amounts to anything at all, is very slight. We do

not discover anything which would justify us in setting the verdict aside on the ground alleged of failure of proof.

The remaining point is that the damages were not proven by a competent witness. This witness was plaintiff's agent who had plaintiff's business in charge in ten States. He knew the costs of production and of installing the plant with all expenses and had calculated what difference in plaintiff's favor there was between the cost and what plaintiff was to get under the contract. We think the witness qualified himself in every way to capacitate him to give the testimony he did. It is evident defendant has undertaken to apply some rules as to the knowledge and education of a certain class of witnesses that does not fit the situation of this controversy.

Some of the inquiries of the witness would indicate that defendant thought the witness should have been a skilled mechanic and know how to make or manufacture the plant. He could know its cost and the amount of expense attending its being set up without that sort of expert knowledge defendant suggests he should have had.

The judgment was manifestly for the right party and is affirmed. All concur.